UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-165-TWP-MJD-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MIGUEL LARA-LEON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00165-TWP-MJD-2 |
| ) | |
| MIGUEL LARA-LEON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Miguel Lara-Leon ("Mr. Lara-Leon") has filed a Motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 738.) Mr. Lara-Leon seeks immediate release from incarceration, which would cause him to be turned over to immigration authorities to face deportation. (Dkt. 748.) For the reasons explained below, his Motion is **denied**.

**I.    BACKGROUND**

In 2019, Mr. Lara-Leon pled guilty to: (1) one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (3) two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); and (4) one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (Dkts. 473, 646.) In the Presentence Investigation Report, the Government alleged, and Mr. Lara-Leon did not dispute, that he was the second-in-command for a large drug trafficking organization that transported methamphetamine, cocaine, heroin, and marijuana, from California to Indiana for redistribution. (Dkt. 568 at 6.) At his change of plea and sentencing hearing, Mr. Lara-Leon agreed to the following factual basis which describes his offense conduct as follows:

2

> Beginning at least as early as January 2016 and continuing through July 17th of 2017, in the Southern District of Indiana, Indianapolis Division and elsewhere, the defendant, Miguel Lara-Leon, also known as Chaparro; [and] co-defendants … knowingly and intentionally conspired together to possess with intent to distribute and to distribute controlled substances.

(Dkt. 673 at 18-19.)

> Lara-Leon and his co-conspirators operated a drug trafficking organization, …, that aimed to distribute and possess with intent to distribute the following drugs in the Indianapolis, Indiana, area: 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II nonnarcotic controlled substance; five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance; and one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance.

*Id.* at 19.

"In total, law enforcement seized 17,764 kilograms of converted drug weight over the course of the investigation." (Dkt. 568 at 8.) "Law enforcement conservatively estimated Mr. Lara-Leon to be responsible for at least 30,000 but less than 90,000 kilograms of converted drug weight for his participation in the drug trafficking organization." *Id.* As part of his drug trafficking activities, Mr. Lara-Leon possessed firearms to protect himself, the organization's drugs, and the organization's drug proceeds. *Id.* at 6. When his pickup truck was searched, law enforcement "found a crate containing nine firearms (including assault rifles) and various magazines and rounds of ammunition." *Id.* at 7–8. At various points during the conspiracy, the leader of the conspiracy directed acts of violence against conspiracy members and customers. *Id.* at 8. For example, he pulled out the teeth of an individual suspected of stealing drugs from the organization. *Id.* Mr. Lara-Leon was present for that incident and guarded the door. *Id.*; Dkt. 675 at 10. In addition, Mr. Lara-Leon and the leader of the conspiracy ordered the kidnapping and beating of an unindicted co-conspirator, (Dkt. 568 at 8), which action formed the basis for the Court to impose a two-level enhancement for the use of violence, (Dkt.

3

675 at 11). Finally, Mr. Lara-Leon laundered hundreds of thousands of dollars of drug proceeds. (Dkt. 568 at 8-9.)

The Court sentenced Mr. Lara-Leon to an aggregate sentence of 260 months of imprisonment and 5 years of supervised release. (Dkt. 646 at 2.) This sentence represented a downward departure from his guidelines range of 360 months to life. Mr. Lara-Leon has been in custody since July 2017, and the Bureau of Prisons ("BOP") reports his anticipated release date (with good-credit time included) as January 2, 2036. That is, he has served less than 20% of his statutory sentence.

Mr. Lara-Leon is now 36 years old. He is currently incarcerated at the Federal Correctional Institution in Big Spring, Texas ("FCI Big Spring"). As of April 2, 2021, the BOP reports that no inmates and 11 staff members at FCI Big Spring have active cases of COVID-19; it also reports that 768 inmates at FCI Big Spring have recovered from COVID-19 and that three inmates at FCI Big Spring have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 2, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of April 2, 2021, 139 inmates and 60 staff members at FCI Big Spring had received both doses of the COVID-19 vaccine. *Id.*

In November 2020, Mr. Lara-Leon filed a *pro se* motion for compassionate release. (Dkt. 738.) The Court appointed counsel, (Dkt. 740), counsel filed a supporting memorandum, (Dkt. 748). The Government responded in opposition on March 24, 2020 (Dkt. 754). The Government opposes the Motion arguing that Mr. Lara-Leon has not met his burden to show that a reduction is warranted in light of the danger that he would pose to the community or that such a reduction would not be inconsistent with the sentencing factors of 18 U.S.C. § 3553(a). *Id*. at 1.

As of the date of this Order, Mr. Lara-Leon has not filed a reply, and the time for doing so has passed. Thus, his Motion is ripe for decision.

## II.  DISCUSSION

Mr. Lara-Leon seeks reduction of his sentence to time served and immediate release to immigration authorities based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Although he has contracted and recovered from COVID-19 without experiencing any serious symptoms, he argues that he could experience severe symptoms if he is reinfected because he has medical conditions (including obesity and testicular cancer) that increase his risk of severe COVID-19 symptoms. (Dkt. 748.) He argues that the sentencing factors in 18 U.S.C. § 3553(a) favor release, emphasizing that the BOP has not yet provided court-ordered treatment for testicular cancer, he has earned his GED, and he will be deported once he is released from the BOP. *Id.* In response, the Government admits that Mr. Lara-Leon has exhausted his administrative remedies. (Dkt. 754.) It also concedes that the Center for Disease Control and Prevention ("CDC") recognizes obesity and cancer as COVID-19 risk factors that place one at an increased risk for severe illness from the COVID-19 virus. It argues, however, that Mr. Lara-Leon has not shown extraordinary and compelling reasons warranting a sentence reduction. *Id.* The Government contends that he is a danger to the community and that § 3553(a) factors do not favor release, emphasizing that Mr. Lara-Leon participated in a large and violent drug trafficking organization and he has served only a small portion of his sentence. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to

file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, see Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in

7

Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Lara-Leon does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[1]

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. Lara-Leon appears to have conditions that increase his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 2, 2021) (identifying obesity and cancer as conditions that can cause a person to be more likely to get severely ill from COVID-19), he has already contracted and recovered from COVID-19 in September 2020 without experiencing severe symptoms. (Dkt. 748-1 at 5 (noting that Mr. Lara-Leon had been asymptomatic during the past 10 days in isolation).) Mr. Lara-Leon does not claim to be suffering from any ongoing symptoms. Thus, he has not shown extraordinary and compelling reasons

---

[1] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court would typically consider the rationale provided by the warden in denying Mr. Lara-Leon's administrative request for relief. However, Mr. Lara-Leon's warden did not provide a rationale when he denied Mr. Lara-Leon's administrative request. (Dkt. 748-2.) Instead, he simply noted that Mr. Lara-Leon had not adequately supported his request for a sentence reduction. *Id.* As a result, there is no opinion from the BOP to which the Court must give weight.

warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, Dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Mr. Lara-Leon's concern about reinfection does not change the result. The Court recognizes that FCI Big Spring experienced a serious outbreak of COVID-19 and that several inmates and staff members at the facility are still infected. Nonetheless, Mr. Lara-Leon's reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Apr. 2, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates at FCI Big Spring—only underscores the speculative nature of any concern about reinfection.

To the extent that Mr. Lara-Leon contends that the BOP's apparent failure to provide him with medical care for his testicular cancer is an extraordinary and compelling reason warranting release, the Court disagrees. When imposing judgment, the Court specifically directed that Mr. Lara-Leon receive immediate medical care for testicular cancer. (Dkt. 646 at 2.) If true—and absent some explanation—the BOP's apparent failure to provide such care is concerning. But, while a complaint about the BOP's failure to provide adequate care might conceivably support a civil suit in Mr. Lara-Leon's district of incarceration, it is not an extraordinary and compelling reason to release him almost 15 years early.

Given the Court's determination that Mr. Lara-Leon has not shown extraordinary and compelling reasons to justify his release, whether he presents a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that these considerations also weigh against his release. In his favor, Mr. Lara-Leon has earned his GED while incarcerated and has a relatively minimal criminal history. It also appears that Mr. Lara-Leon has not had any disciplinary infractions during his incarceration.

Weighing against him, Mr. Lara-Leon was the second-in-command in a large and violent drug trafficking organization. The organization trafficked massive amounts of illegal drugs from California to Indiana. The fact that Mr. Lara-Leon ordered the kidnapping and beating of another person shows that he was willing to participate in the violence perpetrated by the organization. Moreover, the number and type of firearms Mr. Lara-Leon possessed when his truck was searched underscores the danger associated with his drug-dealing activities. Finally, Mr. Lara-Leon has served less than 20% of his sentence and is not due to be released for almost 15 years.

In light of these considerations, the Court cannot find that any risk Mr. Lara-Leon faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where

district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, Dkt. 781 (S.D. Ind. June 3, 2020) (denying defendant's compassionate release motion and finding that even if defendant had shown extraordinary and compelling reasons warranting compassionate release, defendant's criminal history rendered him a danger to the community).

### III.   CONCLUSION

For the reasons stated above, Mr. Lara-Leon's Motion for compassionate release, Dkt. [738], is **DENIED**.

**SO ORDERED.**

Date:  4/12/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Miguel Lara-Leon, #15863-028
FEDERAL CORRECTIONAL INSTITUTION
1900 Simler Drive
Big Spring, Texas  79720

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov